CRAIN, Judge.
Maybel Crawford instituted this personal injury action against Bon Marche, Inc. and its insurer for injuries sustained when she allegedly slipped and fell on a foreign substance while walking through the mall. After trial on the merits special interrogatories were submitted to the jury. From a jury verdict in favor of defendants, plaintiff appeals. The primary issues on appeal are whether the failure to object to defects in proposed special interrogatories constitutes waiver of the objection and whether special interrogatory number one is statutorily defective, depriving plaintiff of a fair trial.
Plaintiff had the opportunity to object to the wording and form of special interrogatory number one but failed to do so. Under La.C.C.P. art. 1793(C) a party is prevented from assigning as error the giving or failure to give an instruction without objecting to the instruction. This article has been applied to special interrogatories. Levet v. Calais & Son, Inc., 514 So.2d 153 (La.App. 5th Cir.1987); But cf. Smith v. Tiblier, 374 So.2d 685 (La.App. 4th Cir.), writ refused, 375 So.2d 646 (La.1979). Thus, by Crawford’s failure to timely object to the interrogatories she has waived her right to raise this issue on appeal. Having so decided we need not address the remaining issue. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.